**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YVETTE ACOSTA INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JORGE M. ACOSTA, DECEASED, INGRID SARALHY RODRIGUEZ ON BEHALF OF J.A.A. a minor AS SUCCESSOR** | § § § § § § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **CIVIL ACTION NO. 3:21-CV-00224** |
| **GUSTAVO CERVANTES, GEORGE O. PINEDO, UNITED STATES OF AMERICA, UNKNOWN NAMED AGENT OF THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION, UNITED STATES BORDER PATROL, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY, UNITED STATES DEPARTMENT OF JUSTICE** | § § § § § § § § § § § § § § | |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff, Yvette Acosta, individually as the surviving parent of Jorge M. Acosta ("Decedent," "Jorge"), and Plaintiffs, Ingrid Saralhy Rodriguez On behalf of the minor Jaden Adriell Acosta ("J.A.A.") as Successor-in-Interest to the Estate of Jorge M. Acosta, complain and allege as follows:

## PRELIMINARY STATEMENT AND NATURE OF THE CASE

1.     Plaintiffs bring this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §

1346(b), 2671-2680; and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403U.S. 388 (1971), against Unknown Named Border Patrol Agent (hereinafter "Agent Doe"), employee of the United States of America, for violation of Plaintiff Decedent's individual constitutional rights guaranteed by the Fourth and Fifth Amendments of the United States Constitution, and the Laws of Nations and treaties of the United States, when Agent Doe, while acting within the course andscope of his employment used unlawful force by pursuing Defendant Gustavo Cervantes in a vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, at a high rate of speed which caused a motor vehicle collision and resulted in the death of deceased Plaintiff Jorge M. Acosta on June 25, 2020.

2.      Defendant the United States of America has waived its sovereign immunity and has consented to be sued pursuant to the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 1346(b), 2671-2680.

3.      Plaintiffs plead claims under the FTCA for "injury, loss of property, or personal injury or death caused by the wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Plaintiffs plead that, at all times relevant hereto, Defendant Agent Doe was an employee of the United States of America and, while acting within the course and scope of his agency with the United States, Agent Doe maliciously, and/or wrongfully, pursued Defendant Gustavo Cervantes in a vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, in a reckless manner and at a high rate of speed which caused a motor vehicle collision and resulted in the death of deceased Plaintiff Jorge M. Acosta.  Although the FTCA generally

exempts from liability intentional torts, including assault and battery, that exception does not apply to actions arising out of the commission of such torts by "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h).

4.      In the alternative, Plaintiffs plead under the FTCA that Agent Doe negligently pursued Defendant Gustavo Cervantes in a vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, at a high rate of speed which caused a motor vehicle collision, thereby causing Jorge M. Acosta's untimely death. Agent Doe negligently, wrongfully, and tortuously caused the wrongful death of Decedent Jorge M. Acosta. This claim is for all forms of negligence and wrongful conduct in the broadest terms allowed for torts of an investigative or law enforcement officer of a United States agency in causing the death of another.

5.      Plaintiffs also bring this FTCA claim against Defendant the United States of America for the negligence of its employees within the following United States Agencies: United States Department of Homeland Security; United States Border Patrol; United States Customs and Border Protection; and United States Immigration and Customs Enforcement Agency; and any and all of its employees for negligently supervising, training, and retaining Agent Doe.

6.      At all times relevant hereto, Defendant the United States of America, is a sovereign governmental entity, which has been engaged in, among other things, controlling access into its sovereign territory, and preventing entry, of undocumented individuals. Defendant the United States of America, performs these activities by and through its agencies, Defendants the United States Border Patrol, the United States Department of Homeland Security, the United States Bureau of Customs and Border Protection, and/or the United States Department of Justice, an

agency of the United States, acting within the course and scope of their employment with the United States of America. United States Border Patrol Agent, Agent Doe, is sued in his individual capacity for violations of Decedent's rights guaranteed by the Fourth and Fifth Amendments to the United States Constitution.

7.      Defendant Agent Doe was, and is, an investigative or law enforcement officer as defined in 28 U.S.C. § 2680(h) of Defendants United States Bureau of Customs and Border Protection, United States Border Patrol, and/or the United States Immigration and Customs Enforcement Service, a subdivision of the United States Department of Homeland Security, an agency of the United States, and was acting within the course and scope of his employment with the United States  of America  and  other  Defendants. Defendant  Agent  Doe was an employee of Defendant the United States of America and the other Defendants.

8.      Plaintiff will effectuate service of process on Defendants, pursuant to Fed.

R. Civ. P. 4(i)(2), by sending a copy of this summons and Complaint via certifiedmail, return receipt requested, to the following persons and entities, which may be served by serving:

     (1)     Gustavo Cervantes:

               5712 Decatur Way,
               El Paso, Texas 79924.

     (2)     George O. Pinedo:

               207 W. Gallagher St.,
               Fort Stockton, Texas 79735.

     (3)     The United States of America:

               (a)     Ryan Patrick
                         Civil Process Clerk
                         Office of the United States Attorney, Western
                         District of Texas
                         601 N.W. Loop 410
                         Suite 600

San Antonio, Texas 78216-5597

    (b)    United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

(4)    Unknown Named Agent of the United States of America:

    (a)    Ryan Patrick
Civil Process Clerk
Office of the United States Attorney, Western
District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

    (b)    United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C., 20530

    (c)    United States Customs and Border Protection Office
of the Chief Counsel
1300 Pennsylvania Avenue, N.W. Washington,
D.C., 20229

    (d)    Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C., 20528

    (e)    Office of the Principal Legal Advisor
Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street S.W.
Washington, D.C., 20024

(5)    United States Department of Homeland Security:

    (a)    Ryan Patrick Civil
Process Clerk
Office of the United States Attorney,
Western District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

      (b)     United States Attorney General
                 U.S. Department of Justice
                 950 Pennsylvania Avenue, N.W.
                 Washington, D.C., 20530

      (c)     Office of the General Counsel
                 U.S. Department of Homeland Security
                 Washington, D.C., 20528

(6)    United States Bureau of Customs and Border Protection:

      (a)     Ryan Patrick
                 Civil Process Clerk
                 Office of the United States Attorney,
                 Western District of Texas
                 601 N.W. Loop 410
                 Suite 600
                 San Antonio, Texas 78216-5597

      (b)     United States Attorney General
                 U.S. Department of Justice
                 950 Pennsylvania Avenue, N.W.
                 Washington, D.C., 20530

      (c)     United States Customs and Border ProtectionOffice
                 of the Chief Counsel
                 1300 Pennsylvania Avenue, N.W.
                 Washington, D.C., 20229

      (d)     Office of the General Counsel
                 U.S. Department of Homeland Security
                 Washington, D.C., 20528

(7)    United States Border Patrol:

      (a)     Ryan Patrick
                 Civil Process Clerk
                 Office of the United States Attorney,Western
                 District of Texas
                 601 N.W. Loop 410
                 Suite 600
                 San Antonio, Texas 78216-5597

      (b)     United States Attorney General
                 U.S. Department of Justice
                 950 Pennsylvania Avenue, N.W.
                 Washington, D.C., 20530

(c)    United States Customs and Border ProtectionOffice
of the Chief Counsel
1300 Pennsylvania Avenue, N.W.
Washington, D.C., 20229

(d)    Office of the General Counsel
U.S. Department of Homeland Security
Washington, D.C., 20528

(8)    United States Immigration and Customs Enforcement Agency

(e)    Ryan Patrick
Civil Process Clerk
Office of the United States Attorney,Western
District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

(f)    United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.Washington,
D.C., 20530

(g)    Office of the General Counsel
U.S. Department of Homeland SecurityWashington,
D.C., 20528

(h)    Office of the Principal Legal Advisor
Immigration and Customs Enforcement
U.S. Department of Homeland Security500 12th
Street S.W.
Washington, D.C., 20024

(9)    United States Department of Justice

a.    Ryan Patrick
Civil Process Clerk
Office of the United States Attorney,Western
District of Texas
601 N.W. Loop 410
Suite 600
San Antonio, Texas 78216-5597

      b.     United States Attorney General
               U.S. Department of Justice
               950 Pennsylvania Avenue, N.W.Washington,
               D.C., 20530

## **JURISDICTION**

9.      The jurisdiction of this Court, as to the Plaintiffs' claims against Defendant the United States of America pursuant to the FTCA, is based upon 28 U.S.C. §§1436(b) and 2671-2680. Yvette Acosta filed an administrative claim for damages against the United States Department of Homeland Security on behalf of Decedent on October 22, 2020. A copy of said claim is attached hereto as "Exhibit A." Defendant the United States of America denied Plaintiffs' claim on April 20, 2021. A copy of said denial is attached hereto as "Exhibit B." This Complaint, filed within six months of the United States' denial, is timely.

10.      The jurisdiction of this Court, as to the Plaintiffs' claims against Agent Doe in his individual capacity for violation of Decedent's constitutional rights is based on 28 U.S.C. § 1331, 1332 and 1367(a), *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), and its progeny.

## **VENUE**

11.      Venue is proper in this district pursuant to 28 U.S.C § 1402(b) because the events forming the basis of this complaint took place within the El Paso Division of the Western District of Texas, specifically El Paso County, Texas.

## **CONDITIONS PRECEDENT**

12.      All conditions precedent have been satisfied prior to filing this suit.

## PARTIES

13.      At all times relevant hereto, Plaintiff Yvette Acosta was, and now is, acitizen of the United States of America.

14.      At all times relevant hereto, Plaintiffs Ingrid Saralhy Rodriguez on behalf of J.A.A. were, and now are, citizens of the United States of America.

15.      At all times relevant hereto, Decedent Jorge M. Acosta was a citizen of the United States of America.

16.      At all times relevant hereto, Plaintiff Yvette Acosta individually as the surviving mother of Decedent, and as Successor-in-Interest to the Estate of Decedent, may maintain a Federal Wrongful Death and Survival Action and recover damages for the value of the Decedent's life and the Decedent's pain and suffering.

17.      At all times relevant hereto, Plaintiffs Ingrid Saralhy Rodriguez on behalf of J.A.A. individually as the surviving son of Decedent, and as Successor-in-Interest tothe Estate of Decedent, may maintain a Federal Wrongful Death and Survival Action and recover damages for the value of the Decedent's life and the Decedent's pain and suffering.

18.      At all times relevant hereto, Defendant Agent Doe was, and is, an investigative or law enforcement officer as defined in 28 U.S.C. § 2680(h) of the United States Customs and Border Protection, the United States Border Patrol, and/or the Immigration and Customs Enforcement Service, an agency of the United States, acting within the course and scope of his employment with the United States of America.

19.      Plaintiffs believe and thereupon allege that, at all times relevant hereto, the United States Customs and Border Protection was, and is, a subdivision of the United States Department of Homeland Security-a United States Federal Governmental entity with

headquarters in Washington, D.C., and various branch

offices throughout the country including this judicial district.

20.     Plaintiffs believe and there upon allege that, at all times relevant hereto, Agent Doe was acting within the course and scope of his employment with the Defendant the United States of America and other Defendants on June 25, 2020,when Decedent was wrongfully pursued to death.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

21.     The injuries and damages suffered by Plaintiffs and made the basis of this action arose out of an occurrence on or about June 25, 2020, in El Paso County, Texas.

22.     At such time and place, Plaintiff Jorge M. Acosta was a passenger in a 2017 gray Chevrolet Cruze driven by Defendant Gustavo Cervantes which was owned and entrusted to him by Defendant George O. Pinedo. At the same time, Defendant Agent Doe, driving a vehicle owned and entrusted to him by Defendants United States Department of Homeland Security, United States Bureau of Customs and Border Protection, United States Immigration and Customs Enforcement Agency and United States Department of Justice and while in the course and scope of his employment with Defendants United States Department of Homeland Security, United States Bureau of Customs and Border Protection, United States Immigration and Customs Enforcement Agency and United States Department of Justice was traveling immediately behind Defendant Gustavo Cervantes.

23.     The vehicles were traveling southbound on 400 W. Paisano Drive in El Paso, Texas. Defendant Agent Doe was pursuing Defendant Gustavo Cervantes at a high rate of speed which caused Defendant Gustavo Cervantes to lose control of the vehicle he was driving.  Defendant Gustavo Cervantes crossed over the raised median, crossing into the northbound lane of Paisano

Drive and collided into an unoccupied storage unit. The occurrence caused substantial physical injuries and damages to passengers in the 2017 gray Chevrolet Cruze and resulted in the death of deceased Plaintiff Jorge M. Acosta.

24.    This litigation arises from the acts and omissions of the named and unnamed Defendants acting in concert in their individual capacities, as appropriately pied herein.

25.    Plaintiffs further contend that Defendants are individually, jointly, and severally liable for those violations of Decedent's constitutional rights, referenced above and below, in that Defendants have:

   a.    tolerated, condoned, and encouraged a pattern of brutality and useof excessive force by members of the United States Border Patrol, the United States Bureau of Customs and Border Protection, and/or the United States Immigration and Customs Enforcement Service against individuals believed to be undocumented immigrants;

   b.    systematically failed to properly and adequately monitor and investigate such incidents and to supervise and discipline the officers involved;

   c.    created an environment and culture in which officers and agents are encouraged to shield the misconduct of fellow officers, whereby officers and agents believe they can violate without legal consequence and with impunity the rights of persons such as Decedent; and

   d.    inadequately elected, trained, monitored, and supervised officers and agents.

### FIRST CLAIM FOR RELIEF:
### WRONGFUL DEATH/SURVIVAL PURSUANT TO THE FEDERAL
### TORT CLAIMS Acr BASED ON BATTERY

26.    Plaintiffs repeat and incorporate above paragraphs 1 through 25, inclusive, as

though fully set forth in this paragraph 26.

27.     This claim for relief is brought on behalf of the Decedent, JORGE M. ACOSTA, when Agent Doe, while acting within the course and scope of his employment used unlawful force by pursuing Defendant Gustavo Cervantes, in a vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, in a reckless manner and at a high rate of speed which caused a motor vehicle collision and resulted in the death of deceased Plaintiff Jorge M. Acosta on June 25, 2020.

28.     Plaintiffs allege that, at all times relevant hereto, Defendant Agent Doe was acting under color of law as an employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service. In such capacity, Agent Doe used excessive deadly force and intentionally pursued Defendant Gustavo Cervantes, in a vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, at a high rate of speed on June 25, 2020, while in the course and scope of his employment as an investigative and law enforcement officer acting within the course and scope of his employment with the Defendant the United States of America. Plaintiffs allege that Agent Doe, while acting under color of law during performance of his law enforcement functions, had a duty to refrain from the use of excessive force in attempting to effectuate the arrest of Defendant Gustavo Cervantes. Pursuing Defendant Gustavo Cervantes under such circumstances, resulted in Decedent's death.

29.     As a direct and proximate result of the wrongful acts and omissions of Agent Doe, while in the course and scope of his employment with Defendant the United States of America, Decedent suffered fatal injuries for which Plaintiffs now complain.   Plaintiffs allege that such acts and omissions  fall within the purview of 28 U.S.C. § 2671, et. seq.

30.      As a direct and proximate result of the actions of Defendant the United States of America's employee Agent Doe, Plaintiffs have suffered the loss of love, aid, comfort, and society of Decedent, who was a devoted son and father, funeral and burial expenses, and Decedent suffered conscious pain and suffering, loss of value of life to himself and any and all other damages allowed under the FTCA for which Plaintiffs seek compensatory damages against Defendant the United States of America.

## SECOND CLAIM FOR RELIEF:
## WRONGFUL DEATH/SURVIVAL PURSUANT TO THE FEDERAL TORT CLAIMS ACT BASEDON NEGLIGENCE

31.      Plaintiffs repeat and incorporate above paragraphs 1 through 30 inclusive, as though fully set forth in this paragraph 31.

32.      On June 25, 2020, Agent Doe had a duty, while acting within the course and scope of his employment with Defendant the United States of America, to not cause personal injury or death through his own wrongful or negligent act or omission. Agent Doe further had a duty to act with due care including, but not limited to, following appropriate policies and procedures and to not allow a situation to develop in which he would, through lack of due care, cause the death of another human being.

33.      Agent Doe, negligently or otherwise, breached this duty of care on June 25, 2020, when he placed himself in a position such as to wrongly and unjustifiable pursuing Defendant Gustavo Cervantes, resulting in Decedent's death. Agent Doe was negligent in causing the death of Decedent, and his negligence or other wrongful conduct of Agent Doe resulted in the death of Decedent and gives rise to a cause of action under the FTCA, 28 U.S.C. § 2671, et. seq. At all times relevant herein, Agent Doe should have maintained appropriate precautions such as to

not pursue at a high rate of speed and cause the death of Decedent. Agent Doe breached these duties when he negligently or otherwise used excessive deadly force and wrongfully pursued Defendant Gustavo Cervantes, causing Decedent's untimely death.

34.     As a direct and proximate result of the actions of Agent Doe, Plaintiffs have suffered the loss of love, aid, comfort, and society of Decedent, who was a devoted son and father, funeral and burial expenses, and Decedent himself suffered conscious pain and suffering, loss of value of life to himself and any and all other damages allowed under the FTCA for which Plaintiffs seek compensatory damages against Defendant the United States of America.

**THIRD CLAIM FOR RELIEF:
VIOLATION OF FEDERAL TORT CLAIMS ACT BY DEFENDANT AGENT DOE**

35.     Plaintiffs repeat and incorporate above paragraphs 1 through 34, inclusive, as though fully set forth in this paragraph 35.

36.     Plaintiffs allege that, at all times relevant hereto, Defendant Agent Doe was acting under color of law as an employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service. In such capacity, Defendant Agent Doe pursued Defendant Gustavo Cervantes, in a vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, in El Paso, Texas.

37.     Plaintiffs allege that, while acting under color of law during the performance of his law enforcement functions, Defendant Agent Doe had a duty to refrain from the use of excessive force, including but not limited to deadly force, in effecting the arrest of Defendant Gustavo Cervantes. In breach of that duty, Defendant Agent Doe pursued Defendant Gustavo

Cervantes, in a vehicle in which Deceased Plaintiff Jorge M. Acosta was a passenger, in a reckless manner at a high rate of speed.

38.      As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain. Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within the purview of 28 U.S.C. § 2671, et. seq.

## FOURTH CLAIM FOR RELIEF:
## VIOLATION OF FEDERAL TORT CLAIMS ACT BY OTHER DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES BY THEIR NEGLIGENT ADOPTION OF POLICIES VIOLATING DECEDENT'S CONSTITUTIONAL RIGHTS

39.      Plaintiffs repeat and incorporate above paragraphs 1 through 38, inclusive, as though fully set forth in this paragraph 39.

40.      Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

41.      Plaintiffs allege that Defendant Agent Doe, while acting under color of law as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service, pursued Defendant Gustavo Cervantes, in a vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, in a reckless manner at a high rate of speed on June 25, 2020. In pursuing Defendant Gustavo Cervantes, Defendant Agent Doe violated the prohibitions against the use of excessive force found in the Fourth and Fifth Amendments of

the United States Constitution.

42.      Plaintiffs allege that the aforesaid supervisory Defendants had a duty to train, supervise, and control Defendant Agent Doe in the performance of his law enforcement duties as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service.  Said Defendants breached their duty of care by negligently establishing, promulgating, and enforcing policies and procedures, rules, and regulations regarding search and seizure and the use of deadly force which they knew, or should have known, were unconstitutional and discriminatory. In turn, those policies, procedures, rules, and regulations, directly and proximately resulted in Defendant Agent Doe pursuing Defendant Gustavo Cervantes, where deceased Plaintiff Jorge M. Acosta was a passenger, at a high rate of speed in a discriminatory and unconstitutional manner on June 25, 2020.

43.      As a direct and proximate result of the acts or omissions of such Defendants, Decedent was injured and killed, giving rise to the injuries and damages for which Plaintiffs now complain. Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within the purview of 28 U.S.C. § 2671, et. seq.

<u>**FIFTH CLAIM FOR RELIEF:**</u>
<u>**VIOLATION OF FEDERAL TORT CLAIMS ACT BY THE UNITED STATES OF AMERICA ANDOTHER DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES BY THEIR NEGLIGENT FAILURE TO ADOPT POLICIES TO PROTECT DECEDENT'S CONSTITUTIONAL RIGHTS**</u>

44.      Plaintiffs repeat and incorporate above paragraphs 1 through 43, inclusive, as though fully set forth in this paragraph 44.

45.      Plaintiffs allege that, at all times relevant hereto, the United States of America and

Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

46.      Plaintiffs allege that Defendant Agent Doe, while acting under color of law as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service, pursued Defendant Gustavo Cervantes, in a vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, in a reckless manner and at a high rate of speed on June 25, 2020. In pursuing Defendant Gustavo Cervantes, Defendant Agent Doe violated the prohibitions against unreasonable search and seizure and the use of excessive force found in the Fourth and Fifth Amendments of the United States Constitution.

47.      Plaintiffs allege that the aforesaid supervisory Defendants had a duty of care to train, supervise, and control Defendant Agent Doe in the performance of his law enforcement duties as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service. Said Defendants breached their duty of care by negligently failing to establish, promulgate, and enforce constitutional and nondiscriminatory policies, procedures, rules, and regulations regarding unreasonable search and seizure and the use of deadly force. In turn, the absence of such policies, procedures, rules, and regulations, directly and proximately resulted in Defendant Agent Doe pursuing Defendant Gustavo Cervantes, in the vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, at a high rate of speed in a discriminatory and unconstitutional manner on June 25, 2020.

48.      As a direct and proximate result of the acts or omissions of such Defendants, Decedent

was killed, giving rise to the injuries and damages for which Plaintiffs now complain. Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within the purview of 28 U.S.C. § 2671, et. seq.

### SIXTH CLAIM FOR RELIEF:
### VIOLATION OF FEDERAL TORT CLAIMS ACT BY THE UNITED STATES OF AMERICA ANDOTHER DEFENDANTS ACTING IN THEIR OFFICIAL CAPACITIES BY THEIR INTENTIONAL ADOPTING OF POLICIES VIOLATING DECEDENT'S CONSTITUTIONAL RIGHTS

49.    Plaintiffs repeat and incorporate above paragraphs 1 through 48, inclusive, as though fully set forth in this paragraph 49.

50.    Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

51.    Plaintiffs allege that Defendant Agent Doe, while acting under color of law as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service, pursued Defendant Gustavo Cervantes, in the vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, at a high rate of speed on June 25, 2020. In pursuing Defendant Gustavo Cervantes, Defendant Agent Doe violated the prohibitions against unreasonable search and seizure and the use of excessive force found in the Fourth and Fifth Amendments of the United States Constitution.

52.    Plaintiffs allege that the aforesaid supervisory Defendants had a duty of care to train, supervise, and control Defendant Agent Doe in the performance of his law enforcement

duties as an agent or employee of the United States BorderProtection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service. Said Defendants breached their duty of care by intentionally establishing, promulgating, and enforcing policies, procedures, rules, and regulations regarding unreasonable search and seizure and the use of deadly force which they knew, or should have known, were unconstitutional and discriminatory. In turn, those policies, procedures, rules, and regulations, directly and proximately resulted in Defendant Agent Doe pursuing Defendant Gustavo Cervantes, in the vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, at a high rate of speed in a discriminatory and unconstitutional manner on June 25, 2020.

53.     As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain. Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within the purview of 28 U.S.C. § 2671, et. seq.

**<u>SEVENTH CLAIM FOR RELIEF</u>:**
**<u>VIOLATION OF FEDERAL TORT CLAIMS ACT BY THE UNITED STATES</u>**
**<u>OF AMERICA ANDOTHER DEFENDANTS ACTING IN THEIR OFFICIAL</u>**
**<u>CAPACITIES BY THEIR INTENTIONAL FAILURE TO ADOPT POLICIES TO</u>**
**<u>PROTECT DECEDENT'S CONSTITUTIONAL RIGHTS</u>**

54.     Plaintiffs repeat and incorporate above paragraphs 1 through 53, inclusive, as though fully set forth in this paragraph 54.

55.     Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color

of law as law enforcement officers and employees of the United States Government.

56.     Plaintiffs allege that Defendant  Agent Doe,  while acting under  color of law as an agent or employee of the United States  Border Protection,  the  United States Bureau of Customs and Border Protection, and/or the  United  States Customs and Immigration  Enforcement  Service, pursued Defendant Gustavo Cervantes, in the vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, at a high rate of speed on June 25, 2020. In pursuing  Defendant Gustavo Cervantes, Defendant Agent Doe violated the prohibitions against unreasonable search and seizure and the use of excessive force found in the Fourth and Fifth Amendments of the United States Constitution.

57.     Plaintiffs allege that the aforesaid supervisory Defendants  had  a duty  of care to train, supervise, and control Defendant Agent Doe in the performance of his law enforcement duties as an agent or employee of the United States Border Protection, the United States Bureau of Customs and Border Protection, and/or the United States Customs and Immigration Enforcement Service. Said Defendants breached their duty of care by intentionally failing to establish, promulgate, and enforce policies, procedures, rules, and regulations regarding unreasonable search and seizure and the use of deadly force. In turn, the absence of such policies, procedures, rules, and regulations, directly and proximately resulted in Defendant Agent Doe pursuing Defendant Gustavo Cervantes, in the vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, in a reckless manner and at a high rate of speed in a discriminatory and unconstitutional manner on June 25, 2020.

58.     As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain. Plaintiffs allege that such acts and omissions by Defendant Agent Doe fall within

the purview of 28 U.S.C. § 2671, et. seq.

### EIGHTH CLAIM FOR RELIEF:
### ADOPTION OF POLICIES THAT VIOLATED DECEDENT'S FOURTH AND
### FIFTH AMENDMENT RIGHTS

59.      Plaintiffs repeat and incorporate above paragraphs 1 through 58, inclusive, as though fully set forth in this paragraph 59.

60.      Plaintiffs allege that, at all times relevant hereto, the United States of America and Unknown Named Defendants, while acting in their respective official capacities, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

61.      Plaintiffs allege that such supervisorial Defendants, acting in their respective individual capacities, were authorized final policy-makers. In such capacities, they adopted, acquiesced to, or ratified official customs, policies, procedures, and decisions, including training programs, which they knew, or should have known, were inadequate regarding reasonable search and seizure and the use of deadly force. The inadequacy of such official customs, policies, procedures, and decisions, including training programs, directly and proximately caused Defendant Agent Doe to use unreasonable,  unconstitutional, and excessive force, i.e. deadly  force, and methods of unreasonable seizure in effecting the arrest of Defendant Gustavo Cervantes. The use of such force deprived Decedent of his Fourth and Fifth Amendment rights to be free from unreasonable search and seizure. The inadequacy of such customs, policies, procedures, and decisions, including training programs,  manifested  a deliberate indifference  to the protection of Decedent's constitutional rights and was the moving force, which resulted in the deprivation of Decedent's constitutional rights.

62.      As a direct and proximate result of the acts or omissions of such Defendants, Decedent was killed, giving rise to the injuries and damages for which Plaintiffs now complain.

### NINTH CLAIM FOR RELIEF:
### FAILURE TO ADOPT POLICIES THAT RESULTED IN THE VIOLATION OF DECEDENT'S FOURTH AND FIFTH AMENDMENT RIGHTS

63.      Plaintiffs repeat and incorporate above paragraphs 1 through 62, inclusive, as though fully set forth in this paragraph 63.

64.      Plaintiffs allege that, at all times relevant hereto, the United States of America and Agent Doe, while acting in his respective official capacity, exercised supervision and control over Defendant Agent Doe. Such Defendants were acting under color of law as law enforcement officers and employees of the United States Government.

65.      Plaintiffs allege that such supervisorial Defendants, acting in their respective individual capacities, were authorized final policy-makers who failed to adopt or ratify official customs, policies, procedures, and decisions, including training programs, regarding the use of reasonable force in effecting arrests. Such failure directly and proximately caused Defendant Agent Doe to use unreasonable, unconstitutional, and excessive force, i.e. deadly force, in effecting the arrest of Defendant Gustavo Cervantes. The use of such force deprived Decedent of his Fourth and Fifth Amendment rights to be free from unreasonable search and seizure. The failure to adopt such customs, policies, procedures, and decisions, including training programs, directly and proximately resulted in Decedent being pursued to death by Defendant Agent Doe. The failure to adopt such customs, policies, procedures, and decisions, including training programs, manifested a deliberate indifference to the protection of Decedent's constitutional rights and was the moving force, which resulted in the deprivation of

Decedent's constitutional rights.

66.     As a direct and proximate result of the acts or omissions of such Defendants, Decedent was injured and killed, giving rise to the injuries and damages for which Plaintiffs now complain.

## TENTH CLAIM FOR RELIEF:
## VIOLATION OF FOURTH AND FIFTH AMENDMENT
## RIGHTS BYUNNAMED AGENT DOE

67.     Plaintiffs repeat and incorporate above paragraph 1  through 66, inclusive, as though fully set forth in this paragraph 67.

68.     Plaintiffs allege that Defendant Agent Doe pursued Defendant Gustavo Cervantes, in the vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, in a reckless manner and at a high rate of speed on June 25, 2020, while acting individually under color of law as an employee of the United States Border Patrol, the United States Bureau of Customs and Border Protection, and/or the United States Immigration and Customs Enforcement Service while attempting to apprehend Defendant Gustavo Cervantes in El Paso, Texas.

69.     Plaintiffs allege that in pursuing Defendant Gustavo Cervantes, in the vehicle in which deceased Plaintiff Jorge M. Acosta was a passenger, in a reckless manner and at a high rate of speed, Defendant Agent Doe acted unreasonably by using excessive, deadly force against Decedent in violation of the Fourth and Fifth Amendments of the United States Constitution.

70.     Plaintiffs allege that Defendant Agent Doe's chase of Defendant Gustavo Cervantes and the deceased Plaintiff Jorge M. Acosta is evidence Defendant Agent Doe's callous disregard for, and deliberate indifference to, Decedent's constitutional rights.

71.      As a direct and proximate result of the acts or omissions of Defendant Agent Doe,

Decedent was injured and killed, giving rise to the injuries and damages for which Plaintiffs

now complain.

### ELEVENTH CLAIM FOR RELIEF:
### NEGLIGENCE AGAINST DEFENDANT GUSTAVO CERVANTES

72. Plaintiffs repeat and incorporate above paragraphs 1 through 71, inclusive, as through fully set

forth in this paragraph 72.

73. That on the occasion in question, Defendant GUSTAVO CERVANTES was guilty of

numerous acts and/or omissions of negligence including, but not limited to the following:

   a.      Failing to control speed when a reasonable person of ordinary prudence
           would not have so failed under the same or similar circumstances.

   b.      Failing to timely apply the brakes to his vehicle in order to avoid causing a
           collision when a reasonable person of ordinary prudence would not have so
           failed under the same or similar circumstances.

   c.      Failing to take proper measures in controlling his vehicle.

   d.      Failing to keep a proper lookout when a reasonable person of ordinary
           prudence would not have so failed under the same or similar circumstances.

All of the foregoing acts and/or omissions, jointly and severally, separately and collectively are

the proximate cause of Plaintiffs' injuries and damages.

### TWELFTH CLAIM FOR RELIEF:
### NEGLIGENCE ENTRUSTMENT AGAINST DEFENDANT
### GEORGE O. PINEDO

74.      Plaintiffs repeat and incorporate above paragraphs 1 through 73, inclusive, as through fully

set forth in this paragraph 74.

75.      On the date of the incident made basis this suit, GEORGE O. PINEDO, was the

owner of the vehicle operated by GUSTAVO CERVANTES.

76.      GEORGE O. PINEDO entrusted his vehicle to GUSTAVO CERVANTES who was a

*reckless, unlicensed and/or incompetent driver.*

77.     GEORGE O. PINEDO'S negligence in entrusting his vehicle to GUSTAVO CERVANTES was a proximate cause of Plaintiffs' damages.

78.     All of the foregoing acts and/or omissions, jointly and severally, separately and collectively are the proximate cause of Plaintiffs' injuries and damages.

## JURY DEMAND

79.     Plaintiffs hereby demand trial by jury.

## PRAYER

80.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and upon final hearing hereof, Plaintiffs have and recover of and from Defendants for Plaintiffs' damages as set forth above, interest in said judgement pursuant to applicable law, Plaintiffs' costs of Court, and such other and further relief, special or general, at law or in equity, to which they may be entitled within the jurisdictional limits of this Court.

**Respectfully submitted,**

**FARAH LAW GROUP, PLLC**

**BY: /s/  Milad K. Farah**
**MILAD K. FARAH**
**State Bar No. 24055466**
**GEOFFREY A. BORSCHOW**
**State Bar No. 24082708**
**GEORGE K. FARAH**
**State Bar No. 24040882**
**1231 E. Missouri**
**El Paso, TX 79902**
**T: (915) 533-0880**
**F: (915) 533-1155**
**E: mkf@gflawoffices.com**
**E: gab@gflawoffices.com**
**E. gkf@gflawoffices.com**
**ATTORNEYS FOR PLAINTIFFS**